## Samuel McCarthy *et al.*

*v.*

## The City of Chicago.

1. Streets in Chicago—*of their use for purposes of building—power of the Board of Public Works.* Under the charter of the city of Chicago, the Board of Public Works are not bound, nor have they the authority, to grant permits to individuals to occupy the streets with building material, and to make excavations in sidewalks for building purposes, except as that subject may be regulated by ordinance.

2.  Under an ordinance of the city, which was continued in force by the charter of 1863, the Board of Public Works have the power to require of a party, who proposes to use and occupy the sidewalk and street for the purpose of depositing building material, and for excavating for the purpose of building, the execution of a bond to indemnify the city against any loss which may accrue by the recovery of damages for injuries resulting from the street or sidewalk being out of repair by reason of such use thereof.

3.  Pleading and evidence—*variance.*  In averring the breach of the condition of a bond sued upon, the same strictness is not required as in setting out the bond on which the action is founded; but the averment of the manner in which the breach occurred should be reasonably specific—enough so to fully apprise the defendant of what is relied upon as the breach, though every particular need not be stated.

4.  So, where a party, on obtaining a permit from the Board of Public Works of the city of Chicago, to make use of a portion of one of the streets of the city for depositing building materials, etc. gave a bond, conditioned for indemnifying the city against any judgment for damages resulting from such use of the street or sidewalk, a person fell into a pit excavated in the sidewalk by the principal obligor in the bond, and recovered a judgment for injuries thereby received, against the city, in an action by the city on the bond, it was averred that the judgment against the plaintiff was recovered in consequence of the excavation made in the street at the place described in the permit, whereas by the record of the judgment it appeared the declaration in that suit averred it was in consequence of the excavation, and a failure of the city to maintain lights in the night at the place where the accident occurred: *Held*, there was no variance in respect to the alleged breach of the condition of the bond.

Appeal from the Superior Court of Chicago; the Hon. Joseph E. Gary, Judge, presiding.

The opinion states the case.

Messrs. Miller, Van Arman & Lewis, for the appellants.

Mr. S. A. Irvin, for the appellee.

Mr. Justice Walker delivered the opinion of the Court:

This was an action on a penal bond, executed by appellants to appellee, in the sum of $20,000, the condition of which

recites: "That permission had been granted by the Board of Public Works of the city of Chicago to said McCarthy, to occupy, for a period of not exceeding four months, so much of the south third of Randolph and the east third of Clark streets as is situated in front of lot No. 4, in block 38 in the 'original town,' for the purpose of depositing building materials," to be used in the construction or repair of a building, etc. on the lot, subject to certain restrictions mentioned in the permit. "Now if the said McCarthy shall cease to use and occupy the aforesaid space at the expiration of said permit, on notice from said Board of Public Works, and shall at the expiration, or on the revocation of said permit, without cost to said city, put the pavement and sidewalks of said streets in as good condition and repair at that point as before the space was so used and occupied." * * "And shall indemnify said city, and keep it harmless from all judgments or decrees, with the costs and expenses of the same, which may be recovered against said city, or any officers thereof, in any judicial proceeding which may ensue from, or in consequence of, the use of said street or sidewalk in the manner above contemplated, or which may arise from any infringement upon or occupancy of the street outside of the limits above described, or by reason of any excavation, opening or obstruction, or other defect that may be made or left in the street or sidewalk by said McCarthy, his agent, etc. engaged in erecting said building, before the same is fully completed and surrendered to the owner, or by reason of any accident or casualty that may occur before the completion of said building, in consequence of the street or sidewalk not being in good repair and condition for public travel and use."

It is averred as a breach of this condition, that appellants had not indemnified the city from all judgments which had been recovered against it, by reason of accident or casualty that had occurred before the completion of the building, in consequence of the sidewalk on the portion of Clark street, mentioned in the bond, not being in good repair and condition

for public travel and use; that after the execution of the bond, McCarthy entered into and occupied the premises for the purpose of depositing building materials, until the 26th of November, 1864, and long afterwards; that while so occupying them, he caused to be excavated the east margin of the sidewalk, on that portion of Clark street, to the depth of ten feet, and in width eight feet, and in length sixty feet, which remained there for two months before the 26th of November, 1864; that on the 25th of November, 1864, before the completion of the building, one Edwin R. Beckley, while passing along the sidewalk on the east side of Clark street, fell into the excavation and was injured.

That he thereupon brought a suit against the city, in the circuit court of the United States for the Northern District of Illinois, to recover damages for the injuries sustained, by reason of having fallen into the pit, and, by the judgment of the court, he recovered against the city $9000 damages and costs of suit; that appellants had notice of that suit; that the city paid and satisfied the judgment with $6000. A jury was dispensed with, and the case tried by the court by consent of the parties. The issues were found for plaintiff, and judgment rendered for the penalty of the bond as debt, and six thousand dollars damages. The record of the court below is brought to this court on appeal, and various errors assigned.

It is first urged that the Board of Public Works acted without authority, in taking the bond upon which suit was brought, and in annexing the conditions. It is urged that under the charter, the board are bound to grant such permits without bond or condition. The 12th sec., chap. 6 of the city charter declares, that the board shall have the exclusive privilege to grant permits, according to the ordinances of the city, for the moving of houses through the streets of the city, and raising buildings and sidewalks, and to regulate the building or placing vaults under the streets, alleys and sidewalks, and to require such compensation for the privilege as they shall deem reasonable and just, subject to the approval of the common

council, and no building material shall be placed in the streets, etc., without a permit from them. This provision manifestly contemplates the action of the common council, and the regulation of the terms and conditions by ordinance, upon which such permits shall be granted. If not, why require them to act under ordinances in granting such permits? It is not left to the discretion of the board, nor is the act absolute in its requirements, as it contemplates that ordinances will be adopted to regulate the power.

The public have an interest in the use of streets and sidewalks in cities, as well as those desiring to erect buildings thereon. And as the obstruction of streets with building material, and the sinking of deep pits in sidewalks, for the purpose of erecting houses, is always attended with inconvenience to the public, and is not usually free from danger, the right to use the streets and sidewalks for such purposes must be controled by some power, that the public may be rendered safe, and that nuisances shall not be thus created. As the city is liable for all injuries received by reason of the unsafe condition of its streets and sidewalks, it is obvious that it should have the power to regulate and control the use of its highways for such purposes. Were it not for such a provision in its charter, it might well be doubted whether the city could be compelled to permit any portion of the streets to be thus obstructed. But in requiring the permission to be granted it has given the city the power by ordinance to impose all reasonable conditions. And it is not unreasonable to require the builder to indemnify the city for money it may be compelled to pay by reason of injury growing out of the negligent manner in which the privilege may be exercised under the permit.

At the adoption of the charter of the city in 1863, there was an ordinance in force, which, in terms, authorized the Board of Public Works to impose such rules, requirements, regulations, conditions and instructions, as the board in its discretion might deem just and proper for the protection of

the city, in granting such permits. And the same charter declares that all ordinances, regulations and resolutions then in force in the city, and not inconsistent with that act, shall remain in force until altered, modified or repealed by the common council; see chapter 17, section 2, city charter. It is no doubt true, that all such requirements should be reasonable, and not so onerous as to prevent persons from availing themselves of the provisions of the law. In this case the terms and conditions were just and reasonable. It is eminently proper that all persons should be, liable for injuries they inflict on others, either directly, or through their negligence. And this is especialy so when the person must know that his acts or neglect of duty will imperil the safety of others. We perceive no force in this objection.

We now come to the main question in the case, which is urged, with most apparant earnestness by counsel, for a reversal. It is urged that there is a fatal variance between the judgment against the city in favor of Beckley, as described in the declaration, and the proof on the trial. The declaration avers that the judgment was recovered in consequence of the excavation made by McCarthy on the east side of Clark street, at the place described in the permit, while, by the record of the judgment read in evidence, the declaration avers that it was in consequence of the excavation, and a failure of the city to maintain lights in the night time, at the place of the accident. This is urged as the principal variance, although others were alleged. In declaring on this bond, appellee was bound to show a breach, and in doing so, was compelled to describe the judgment with such accuracy as to identify and distinguish it from others. That has been done in this case, as it designates the parties, the court, the date and amount. It was also necessary to aver that it arose from, and was the consequence of, the acts of McCarthy, under the permit.

The alleged variance does not relate to the description of the bond, but to the manner of its breach. In averring the breach, the same strictness is not required as in setting out the instrument or contract upon which the action is founded. But the

manner in which the breach occurred should be reasonably specific, enough so to fully apprise the defendants of what is relied upon as the breach, but every particular need not be specifically stated. No one, in this case, can for a moment, doubt it would be impossible for Beckley to have received the injury for which he recovered, had McCarthy not sunk the pit. That act was the prime cause and the principal means of producing the injury, and McCarthy had undeniably produced it. The want of lights, like many other circumstances, may have contributed to the accident, but they were but secondary or attendant, and not the primary cause. Had he not dug the pit, lights would not have been necessary to prevent the accident. If lights were necessary, he had created that necessity, and should have provided the means of avoiding the injury. It is manifest, then, that the injury was in consequence of the sinking of the hole for the vault......

Having made the excavation, he should have used every precaution to secure public safety, and it is not for him to say it was for the want of lights and should not be held liable because the city had not erected them. The scope of his bond was, that he would protect the city from damages growing out of the manner in which he should use the streets and sidewalk. And, even if lights were necessary, he had rendered them so, and it was, as averred in the declaration, in consequence of the excavation and defect in the sidewalk which he had produced.

As to the alleged variance between the places described in the two declarations, we fail to perceive it, if any exists. One is more minute and detailed in the description than the other, but in both the place is described as being on the east side of Clark street.

Appellants did not introduce any evidence to prove that there were two different places described. And we will presume that the court below was familiar with the locality, and from the description knew it to be but one and the same place.

We are, for these reasons, of opinion that the judgment of the court below must be affirmed.

*Judgment affirmed.*